Jorge CARRERAS, Plaintiff

v.

BAXTER HEALTHCARE CORPORATION OF PUERTO RICO, INC., Defendant.

Civil No. 94–2714 (PG).

United States District Court, D. Puerto Rico.

Feb. 19, 1997.

**16**

Charles S. Hey Maestre, Hyde Park Río Piedras, P.R., Rick Nemcik Cruz, Río Grande, P.R., for Plaintiff.

Pedro J. Manzano Yates, San Juan, P.R., for Defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I. Introduction

Plaintiff Jorge Carreras brought suit against his former employer, Baxter Healthcare Corporation of Puerto Rico, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (1994), and Puerto Rico's Law 100, Title 29 P.R.Laws Ann. § 146 *et seq.* (1995). Defendant moves for summary judgment on the grounds that: 1) Plaintiff was not replaced and therefore cannot establish a prima facie case, and 2) Plaintiff was not promoted and was later fired for legitimate, non-discriminatory reasons, namely that he did not apply for the promotion and that he made certain comments at a meeting that were critical of the General Manager, Enrique Martínez, a supervisor of Plaintiff's.

### II. The Legal Standards

*A. Burdens of Proof Under the ADEA*

■ Under the ADEA, absent direct evidence of discrimination, a plaintiff may proceed through the burden-shifting framework first established under Title VII in *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Mulero–Rodríguez v. Ponte, Inc.*, 98 F.3d 670, 673 (1st Cir.1996). The burden of "persuasion," of course, rests at all times with the plaintiff; the defendant bears no more than a burden of "production" at any time. *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1092 (1st Cir.1995).

■ First, a plaintiff must offer evidence with respect to the parts of the so-called "prima facie" case demonstrating that an adverse employment decision was the result of unlawful discrimination. *Mulero*, 98 F.3d at 673. To make out a prima facie case under the ADEA, a plaintiff must show that he (1) was a member of a protected class, (2) met the employer's legitimate performance expectations, (3) suffered an adverse employment action, and (4) was replaced by someone with similar skills and qualifications. *Id.*; *Pages–Cahue v. Iberia Líneas Aéreas de España*, 82 F.3d 533, 536 (1st Cir.1996); *Woodman*, 51 F.3d at 1091. The plaintiff's burden at this stage is light; if satisfied, a presumption arises that the employer engaged in unlawful employment discrimination. *Greenberg v. Union Camp Corp.*, 48 F.3d 22, 26 (1st Cir.1995).

■ The defendant must respond merely by articulating a "legitimate, non-discriminatory reason" for the adverse action taken against the employee. *Mulero*, 98 F.3d at 673. If the defendant satisfactorily shoulders this burden, the presumption of unlawful discrimination vanishes, and the plaintiff again must take the stage. *Pages–Cahue*, 82 F.3d at 536.

■ The plaintiff finally must offer evidence that demonstrates that the defendant's proffered justification for the adverse action is a pretext to mask an unlawful, age-based animus. *Mulero*, 98 F.3d at 673. The evidence must permit a factfinder reasonably to conclude that unlawful discriminatory animus was a determinative motivation for the employer's actions. *Id.*

*B. Summary Judgment*

The Court also notes briefly the well-rehearsed standard for summary judgment, which permits no credibility assessments, *Woodman*, 51 F.3d at 1091, requiring, instead, that the evidence be viewed in the light most favorable to the nonmovant and that all reasonable inferences be drawn in his favor. *Id.* Thus viewed, the evidence need only raise a genuine issue of material fact, Fed.R.Civ.P. 56(c); that is, the nonmovant must adduce evidence sufficient to allow a

factfinder reasonably to find in his favor. *Mulero,* 98 F.3d at 673.

### III. Discussion

#### A. The Prima Facie Case

■ Defendant has conceded the first three elements of the prima facie case and argues only that Plaintiff cannot fulfill the fourth element because he was not replaced. Defendant contends that his duties were distributed among various other employees.

Plaintiff responds that, while his duties were temporarily distributed, the majority were consolidated once again in the position of the Assistant Human Resources Specialist, later renamed Human Resources Representative, to which Luz Candelaria was promoted several months after Plaintiff's dismissal. Ms. Candelaria was thirty-five at the time of Plaintiff's dismissal; Plaintiff was fifty-two. The Court believes that this is sufficient to meet Plaintiff's light burden in establishing a prima facie case. Although Ms. Candelaria did not have the same title and did not assume one hundred percent of Plaintiff's duties, Plaintiff has provided evidence that she in effect replaced him by being reassigned to perform nearly all of his duties. The Court hesitates to require mechanical replacement of one individual into another's slot with the exact same title and duties. Such an approach would be overly formalistic and would give employers the opportunity to make minor, essentially insignificant alterations to a position in order to evade the law.

#### B. The Legitimate, Non–Discriminatory Reasons

Having concluded that Plaintiff has met his burden of establishing a prima facie case, the Court turns to the legitimate, non-discriminatory reasons Defendant has proffered for failing to promote Plaintiff and for ultimately firing him.

#### 1. Failure to Promote

■ Defendant maintains that Plaintiff was not considered for or promoted to the position of Human Resources Manager because he did not apply for the job. Plaintiff responds that, although he knew the position was vacant, he did not know it was available; that is, he did not know whether it was to be filled. He argues that the availability was not made public in accordance with Baxter's own procedures. One candidate was told only when he inquired specifically about the position's availability; the other was personally invited to apply. Moreover, Plaintiff argues that he had been designated a backup for the position, was more qualified than the candidates' considered, and had previously been evaluated as "clearly promotable." Plaintiff contends that Baxter deliberately went outside the normal channels required by its own policies in order to keep him from applying for the position. Viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in his favor, as required on summary judgment, the Court finds that Plaintiff raises a genuine issue of material fact as to whether Baxter deliberately prevented him from applying for a promotion.

#### 2. Termination

■ Defendant maintains that Plaintiff was fired because of certain comments he made at a meeting called to introduce the new Human Resources Manager, José Enrique González. There are varying versions of what exactly Plaintiff said. In general, it appears that Plaintiff may have made remarks that could be interpreted to mean that Martínez interfered excessively in the work of others in the Human Resources Department or that González's predecessors had allowed themselves to be controlled by Martínez. Plaintiff's take is that he was saying only that the Department needed to work hard to regain the trust of other departments in their ability to do their jobs. As an example of the loss of trust, he made reference to the choice of wine and flower arrangements at the recent company Christmas party, a choice in which Martínez apparently overruled Plaintiff and which turned out to be unpopular. The worst version of the incident has Plaintiff stating that Martínez fires the Human Resources Managers who don't do things as he says they should, a remark Plaintiff denies ever saying and no other witness has corroborated.

Even crediting Defendant's version of the incident, this reason for terminating an employee appears so extreme as to be suspect on its face. Plaintiff adds that he had never been disciplined prior to this incident, that his comments did not constitute a reason for terminating an employee even under Baxter's own policies, that Baxter failed to follow its policy of progressive discipline, that the remarks were not serious enough even to cause reaction from any of those present during the meeting or at any time thereafter, that there is no foundation to Martínez's belief that Plaintiff would make similar comments to the rest of the plant population, and that Martínez simply took González's word for what happened and failed to investigate the incident and corroborate González's story with others or to speak to Plaintiff himself about it. The Court concludes that the remarks themselves and the manner in which Plaintiff was summarily fired raise a question as to whether Plaintiff's supervisors made a mountain out of a molehill in order to have an excuse to fire him, thus precluding summary judgment.

### 3. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. # 52) is hereby **DENIED**.

**IT IS SO ORDERED.**